# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No. 12-03912 |
| | ) | |
| Windmill Environmental Services, LLC | ) | Chapter 11 |
| Debtor | ) | Hon. Jack B. Schmetterer |
| | | Hearing Date: 3/8/12 |
| | | at 10:30 a.m. |

## AGREED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTION 363 AND GRANTING ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 361 AND 363

THIS CASE came on for consideration of the *Emergency Motion of Debtor and Debtor-in-Possession for an Interim Order Authorizing Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Section 361 and 363* (the "Motion") [Docket No. 8], filed on behalf of Windmill Environmental Services, LLC, (the "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Case"), by and through its undersigned proposed counsel. An Agreed Interim Order Authorizing Use of Cash Collateral and Related Relief Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Sections 361 and 363 (the "Interim Cash Collateral Order") was entered by this Court on February 9, 2012 [Docket No. 14]. The Debtor forwarded notice of the Interim Cash Collateral Order to parties in interest and the Debtor's twenty largest creditors on February 11, 2012, and filed a certificate of service for that service of the Interim Cash Collateral Order on February 16, 2012 [Docket No. 20]. No party filed objections to the Interim Cash Collateral Order. The Court conducted a final hearing on the Motion and the Debtor, Greenfield Commercial Credit ("Greenfield"), and Fifth Third Bank ("Fifth Third") agreed to terms for the use of cash collateral (defined below) on a final

basis pursuant to the terms and upon the conditions set forth in this Final Cash Collateral Order (the "Final Cash Collateral Order"), and,

After due deliberation and hearing on March 8, 2012, this Court finds and concludes that: (i) the Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; (v) adequate and proper notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED, THAT** that:

1.  The Motion is GRANTED on a Final basis. Except as expressly set forth herein, the terms and conditions of this Final Cash Collateral Order shall continue in full force and effect during the pendency of this Case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code") but subject to any confirmation of any plan by the Court in this Case or other order of this Court, to pay operating expenses for those purposes set forth in budgets that the Debtor shall submit to Greenfield and Fifth Third (the "Budget"), or for such other purposes as may be set forth in a budget that the Debtor and Greenfield and Fifth Third may agree to (with notice thereof to the United States Trustee, any committee formed in this case or in the absence of a committee the Debtor's twenty largest creditors, and any other party requesting notice thereof).

2.  The Debtor, Greenfield, and Fifth Third reserve their respective rights with regard to the Greenfield Interests and Fifth Third Interests (as defined herein).

3. To the extent that Greenfield has valid, perfected, and enforceable security interests, or other interests, in the Debtor's accounts ("Accounts"), payment intangibles and insurance and other proceeds of the accounts and payment intangibles (the "Greenfield Account Collateral"), as defined in the Factoring and Security Agreement and the Omnibus Amendment To Factoring Documents (collectively, (the "Greenfield Factoring Documents"), each between the Debtor and Greenfield and as may be amended from time to time, and referred to hereafter as the "Greenfield Account Collateral", the Debtor may use the Greenfield Account Collateral to pay those items delineated in the Budget (with a variance from actual-to-projected disbursements weekly not to exceed 10%, on a cumulative basis collectively, the "Budget"), and pursuant to the Greenfield Factoring Documents. To the extent that Greenfield has valid, perfected, and enforceable security interests, or other interests, in the Debtor's chattel paper, goods, inventory, equipment, instruments (including promissory notes, investment property, documents and general intangibles and proceeds and insurance proceeds thereof) of the Debtor (the "Greenfield Equipment Collateral"), those interests are Subordinated (as defined below) to the interests therein of Fifth Third. The Debtor may use the Greenfield Equipment Collateral without providing additional adequate protection to Greenfield.

4. As adequate protection for any interests of Greenfield in the Greenfield Account Collateral used by the Debtor, Greenfield is granted replacement liens upon, and security interests in, the Debtor's post-petition accounts and proceeds thereof (the "Postpetition Accounts"), but only to the extent that the Debtor's use diminishes the Greenfield Account Collateral, and in no event to exceed the type, kind, priority, and amount, if any, of such interests therein of Greenfield which existed on the date that the Debtor filed its petition to commence this

3

Case (the "Petition Date") and in no event upon claims or causes of action arising under Chapter 5 of the Bankruptcy Code.

5. In the event actual disbursements weekly exceed projected disbursements out of Greenfield Interests by more than 10%, on a cumulative basis, Greenfield may, upon not less than five (5) business days' prior written notice to the Debtor's counsel advising of the default, have the right to a hearing on stay relief with respect to its interests in the Greenfield Account Collateral. In any event, it shall not be a default under this Final Cash Collateral Order if actual disbursements out of the Greenfield Account Collateral are greater than have been budgeted by the Debtor, provided that the Debtor so advises Greenfield in writing prior to the making of any such disbursements and either: (i) obtains the written consent of Greenfield (a "Disbursement Notice") or (ii) Greenfield fails to object to such disbursement within twenty-four (24) hours of receipt of the Disbursement Notice.

6. To the extent that Fifth Third has any interests in the Debtor's accounts, payment intangibles and insurance and other proceeds of the accounts and payment intangibles ("Fifth Third Account Collateral), they are Subordinated to the interests therein of Greenfield and subject to any challenge thereof by the Debtor. To the extent that Fifth Third has valid, perfected and enforceable security interests in the Debtor's personal property (including inventory, rolling stock, equipment, fixtures, goods, chattel paper, documents, instruments, general intangibles, and deposit accounts (but other than the Debtor's accounts, payment intangibles and insurance and other proceeds of the accounts and payment intangibles) and proceeds thereof ("Fifth Third Equipment Collateral"), the Debtor may use the Fifth Third Equipment Collateral in accordance with the terms of Paragraph 7 herein.

4

7. As adequate protection for Fifth Third's interests in the Fifth Third Equipment Collateral, and pursuant to the terms of this Final Cash Collateral Order, Fifth Third is granted replacement liens on the Fifth Third Equipment Collateral (but not upon claims or causes of action arising under Chapter 5 of the Bankruptcy Code) and the Debtor shall provide adequate protection payments of Twelve Thousand Five Hundred dollars ($12,500.00) to Fifth Third on or before the 15th day of each month. Failure to make adequate protection payments shall constitute a default under this Final Cash Collateral Order resulting in Fifth Third terminating use of the Fifth Third Equipment Collateral and seeking relief from the automatic stay with respect to its interests in the Fifth Third Equipment Collateral upon five (5) days notice to the Debtor and the Debtor's counsel. Greenfield is prohibited from exercising any rights or remedies it may have with respect to the Fifth Third Equipment Collateral and will not hinder, delay or otherwise prevent Fifth Third from taking any and all action which Fifth Third deems necessary to enforce its security interests in the Fifth Third Equipment Collateral, including, but not limited to authorizing and allowing a sale of the Fifth Third Equipment Collateral. In the event Fifth Third shall be paid in full from the sale of the Fifth Third Equipment Collateral and excess proceeds remain from the sale, those excess proceeds shall be paid to Greenfield to the based upon its Subordinated lien position, but only to the extent that its interests in the Greenfield Equipment Collateral are enforceable therein pursuant to applicable law.

8. The term "Subordinated" in this Final Cash Collateral Order means: (i) the Fifth Third Accounts Interests are junior and subordinate in right of priority to Greenfield's interests in the Greenfield Account Collateral and the Greenfield Equipment Collateral interests are junior and subordinate in right of priority to Fifth Third's interests in the Fifth Third Equipment Collateral; (ii) Fifth Third is prohibited from exercising any rights or remedies it may have with

respect to the Fifth Third Account Collateral and will not hinder, delay or otherwise prevent Greenfield from taking any and all action which Greenfield deems necessary to enforce the Greenfield Account Collateral and to realize thereon, including, without limitation, the taking of any action in this Case which shall have any or any potential adverse impact upon the interests of Greenfield in the Greenfield Account Collateral or any rights of Greenfield under the Greenfield Factoring Documents, unless and until all obligations owing between the Debtor to Greenfield (the "Greenfield Debt") has been fully paid; and (iii) the Fifth Third Account Collateral shall upon the request of Greenfield be (a) subordinated to the extent necessary or desirable to permit a refinancing of the Greenfield Debt (b) released to permit the Debtor to sell its Accounts to Greenfield pursuant to the Greenfield Factoring Documents, and (c) subordinated or released to permit the Debtor to transfer its Accounts, or any portion thereof, to any third party pursuant to a sale, transfer or other disposition of the Debtor's assets; provided, however, that with respect to any release pursuant to subsections (iii)(b) or (c), the interests of Fifth Third in the Fifth Third Account Collateral shall attach to the proceeds of any such sale, transfer, or disposition of the Debtor's Accounts to the same extent and priority as allowed under applicable law as of the Petition Date and shall be applied first to the payment of the Greenfield Debt with any excess to be promptly paid to Fifth Third to the extent of the interest of Fifth Third in the Fifth Third Account Collateral. Greenfield is authorized to file an amendment to any UCC Financing Statement of record in favor of Fifth Third as a secured party of the Debtor to give record notice of the Subordination of Fifth Third's interests in the Fifth Third Account Collateral pursuant to this Final Cash Collateral Order.

9.    Moreover, as further adequate protection of the interests of Greenfield and Fifth Third's interests in Cash Collateral, the Debtor shall provide counsel for Greenfield and Fifth

Third, and any creditors' committee, with monthly operating reports and any other reporting requirements ordered by the Court or Office of the United States Trustee.

10. The Debtor is prohibited from seeking to sell any of the Greenfield Account Collateral, unless either (i) Greenfield consents to such sale in writing, or (ii) the Greenfield Debt is paid in full from the proceeds of such sale.

11. In the event the Debtor seeks to sell any of the Fifth Third Equipment Collateral, Debtor shall first consult with Fifth Third regarding the offer received. Thereafter, the Debtor shall file the appropriate motion with the Court authorizing and allowing the sale after proper notice and hearing.

12. Nothing in the Motion or this Order shall be construed to impair the right of the Debtor, or any committee formed in this Case, to contest the validity, priority, perfection or amount of any claimed security interest of Fifth Third or Greenfield, provided that unless extended by the Court for good cause shown after notice and hearing the Debtor must file any such action within seventy-five (75) days of the entry of this Final Order and any committee formed in this case must file any such action within ~~sixty (60)~~ *seventy-five (75)* days of that formation. In the event that a complaint to determine the validity, priority, and extent of the liens of Greenfield Credit or Fifth Third is not filed within the time periods set forth in the foregoing sentence of this Paragraph 12, Greenfield Credit and Fifth Third shall be deemed to have valid and prior existing liens and security interests in the Greenfield Account Collateral and the Fifth Third Equipment Collateral.

7

13. Greenfield shall have a first priority security interest in all of Debtor's post-petition Greenfield Accounts Collateral as security for all post-petition obligations of Debtor to Greenfield under the Greenfield Factoring Documents.

14. This Order shall be immediately effective and enforceable upon entry.

_____
Bankruptcy Judge    3-13-12

**AGREED TO IN FORM AND SUBSTANCE**

Greenfield Commercial Credit

By: _____

Its: _____

Fifth Third Bank

By: _____

Its: Attorney

Windmill Environmental Services, LLC

By: _____

Its: Attorney

Order Prepared by:

Bruce de'Medici (ARDC #6184818)
834 Forest Avenue
Oak Park, Illinois 60302
Tel: 312.731.6778
Email: bdemedici@gmail.com

Counsel for Windmill Environmental Services, LLC



8

13. Greenfield shall have a first priority security interest in all of Debtor's post-petition Greenfield Accounts Collateral as security for all post-petition obligations of Debtor to Greenfield under the Greenfield Factoring Documents.

14. This Order shall be immediately effective and enforceable upon entry.

_____
Bankruptcy Judge

**AGREED TO IN FORM AND SUBSTANCE**

Greenfield Commercial Credit

By: _____

Its: __ATTORNEY_____

Fifth Third Bank

By: _____

Its: _____

Windmill Environmental Services, LLC

By: _____

Its: _____

Order Prepared by:

Bruce de'Medici (ARDC #6184818)
834 Forest Avenue
Oak Park, Illinois 60302
Tel: 312.731.6778
Email: bdemedici@gmail.com

Counsel for Windmill Environmental Services, LLC

